IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **GOLD CROSS SERVICES, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**THE CIGNA GROUP,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:25-CV-111-DAK-DBP<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendant The Cigna Group's Motion to Dismiss [ECF No. 11] and Plaintiff Gold Cross Services, Inc.'s Motion to Dismiss Counterclaims [ECF No. 24]. On November 13, 2025, the court held a hearing on the motions. At the hearing, Plaintiff Gold Cross was represented by Paul W. Shakespear and Aline Marie H. Longstaff, and Defendant Cigna was represented by A. James Spung and Laurie Haynie. The court took the motions under advisement. After considering the parties' arguments and the law and facts relevant to the pending motions, the court issues the following Memorandum Decision and Order.

BACKGROUND

The State of Utah has granted Plaintiff Gold Cross Services, Inc., various ground ambulance provider licenses for cities and counties throughout Utah. Gold Cross is licensed to provide ambulance emergency medical services, as defined by Utah law, for Emergency Medical Technicians ("EMT"), Advanced Emergency Medical Technicians ("AEMT"), and Paramedics. The cost of each level of service is tied to an ambulance base rate permitted under Utah's regulatory framework, Utah Code Ann. § 53-2d-503 and Utah Admin. Code Rule 911-8-200. As

of July 1, 2024, the maximum ambulance base rate permitted for EMT services is $1,176.11, for AEMT services is $1,552.68, and for Paramedic services is $2,270.22. *See* Utah Admin. Code R911-8-200(6).

Under this regulatory framework, an ambulance provider may not charge more than the maximum base rate for an ambulance transfer and may not include costs for procedures or medications administered to patients in that base rate. Utah's regulatory framework also recognizes that ambulance providers may incur additional costs during ambulance transports beyond what is covered by the maximum base rates. To account for these costs, an ambulance provider may charge for mileage, supplies, and medications as prescribed by law in addition to the base rate.

Some of Gold Cross' patients are insured by Defendant The Cigna Group, a national health insurance company. Gold Cross and Cigna do not have a provider agreement so Gold Cross is an out-of-network provider for Cigna insureds. Gold Cross, therefore, has no provider agreement that would control the price of services Gold Cross can seek from Cigna. Gold Cross seeks payment from Cigna for services it provides to Cigna insureds based on an assignment of benefits. Consistent with industry standards and the Utah regulatory framework, when seeking payment from Cigna insureds, Gold Cross will identify a code from the healthcare common procedure coding system ("HCPCS") that most closely resembles the services provided.

Gold Cross alleges that the codes available for ambulance services under the HCPCS fail to account for Utah's regulatory framework under which Gold Cross is required to bill Cigna's insureds. For example, the HCPCS ambulance services codes are differentiated under a binary framework of whether basic or advanced life support was provided. These codes ultimately fail to take into account that under Utah's regulatory framework, ambulance services are differentiated under a three-tier system—EMT, AEMT, and Paramedic. To reflect Utah's three-

tier system when using the HCPCS codes, Gold Cross assigns HCPCS codes associated with the basic life support for EMT services and HCPCS codes associated with advanced life support for AEMT and Paramedic services.

The use of HCPCS codes does not dictate the price at which these services are provided. Gold Cross only charges the statutory rate allowed for EMT, AEMT, and Paramedic ambulance services regardless of the HCPCS code identified in a claim. There is no evidence or allegation that Gold Cross has ever billed or received payment for services billed to Cigna insureds at a rate above what is provided for in Utah's regulatory framework.

During 2023, Cigna conducted an audit of Gold Cross' reimbursement claims. On November 9, 2023, Cigna sent Gold Cross a letter ("November 2023 Letter") outlining several issues it identified in an audit of 50 claims it processed from Gold Cross between January 31, 2019, and November 23, 2021. Cigna extrapolated from this sample across all the claims Gold Cross submitted during that time frame and alleged $406, 328.73 in overbillings. Cigna claimed it had been damaged because Gold Cross "upcoded" services Cigna insureds received. Cigna also claimed it had been damaged because Gold Cross "unbundled" services Cigna insureds received from the ambulance base rate. Gold Cross responded that Cigna's allegations improperly ignore Utah's regulatory framework. The parties disagree on that point.

Gold Cross alleges that through various communications it attempted to resolve the claims Cigna asserted in its November 2023 Letter, but Cigna never made a member of its legal team available to resolve the disputes. Gold Cross filed the present lawsuit to have the dispute resolved by a court. Gold Cross's Complaint alleges claims for declaratory relief, breach of an implied contract, breach of the covenant of good faith and fair dealing, and an alternative claim for unjust enrichment.

Cigna removed this case to federal court, moved to dismiss Gold Cross' Complaint, and filed counterclaims for fraudulent misrepresentation, negligent misrepresentation, and unjust enrichment. Similar to its claims in the November 2023 Letter, Cigna's counterclaims are based on its allegations that Gold Cross "upcoded" claims by coding them as "advanced life support" without proper support and "unbundled" certain HCPCS codes from the ambulance transportation code in violation of Cigna's Reimbursement Policy R18.

## DISCUSSION

### Cigna's Motion to Dismiss

Cigna moves to dismiss all of Gold Cross' claims, alleging that Gold Cross cannot state a claim for its declaratory judgment claim or contract-related claims.

**1. Declaratory Relief Claim**

Cigna argues that Gold Cross's claim for declaratory judgment should be dismissed because Gold Cross fails to allege a substantial controversy between the parties of sufficient immediacy and reality to warrant the relief sought. Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "The Supreme Court instructs that courts may exercise their authority to resolve a declaratory judgment action consistent with Article III when 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Travelers Cas. Ins. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1314 (10th Cir. 2024). " The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and

some useful purpose to be achieved in deciding them." *Anderson v. Univ. of Utah*, No. 2:17-CV-950-TS, 2018 WL 1115148, at *2 (D. Utah Feb. 26, 2018).

Gold's Cross's declaratory judgment claim focuses on Cigna's demand for repayment and seeks resolution as to "whether Gold Cross's practices are permitted under Utah's statutory framework and relevant contracts that might be at issue which has resulted in alleged damages amounting to $406,328.73." In order to resolve the controversy over whether Cigna is entitled to reimbursement, Gold Cross seeks a declaratory judgment declaring that: (1) Gold Cross' billing practices were and are permitted under the law, including its use of HCPCS codes and the unbundling of services; and (2) Cigna has not been damaged in any amount as a result of Gold Cross' billing practices.

Cigna contends that (1) nothing in the November 2024 Letter claims that Gold Cross' practices were not permitted by Utah's statutory framework; (2) Gold Cross fails to specify what "any relevant contracts" refers to, much less with sufficient precision to allow the court to grant the relief it requests; and (3) to the extent Gold Cross is referring to the policies and billing codes explained in the Letter, it has alleged no plausible path to relief. Cigna moves the court to dismiss Gold Cross' declaratory judgment claim, arguing that Gold Cross attempts to turn Cigna's repayment request into a declaratory judgment action but none of its requested relief would resolve Cigna's request.

Cigna's motion to dismiss the declaratory judgment claim fails to appreciate the underlying controversy between the parties about repayment. Cigna sought repayment, such request was real and immediate. Gold Cross does not think it needs to repay the amount because it was justified in billing under Utah's statutory framework. Cigna does not think that the Utah statutory framework relieves Gold Cross from complying with Cigna policies and procedures. Therefore, the parties have distinct legal interests and positions with respect to whether

5

repayment is necessary. Cigna cannot argue that there is no basis for a declaratory judgment claim because the court should not agree with Gold Cross' position with respect to the dispute. That type of differing opinions on the legal grounds of each party is exactly why the parties come to court and get a resolution of the dispute under the Declaratory Judgment Act. The court can see the legal issues at play and how they may resolve the dispute over repayment. Therefore, the issues are not nebulous or speculative. Gold Cross has stated a real and substantial controversy in which the parties have differing legal theories for their respective positions. Accordingly, there are no grounds for dismissing the declaratory judgment action and the court denies Cigna's motion to dismiss.

### 2. Contractual and Quasi Contractual Claims

Gold Cross's remaining three claims essentially allege that it is entitled to damages because Cigna did not reimburse the entire amount allowed by Utah regulatory law for each of its reimbursement claims.

#### a. Implied-in-Fact Contract

Gold Cross' second claim for relief for breach of an implied-in-fact contract claims that through the parties' conduct they implicitly agreed, and Gold Cross had a reasonable expectation and understanding, that Cigna would reimburse Gold Cross for out-of-network claims at rates in accordance with Utah law. Cigna moves to dismiss this claim, arguing that there was no meeting of the minds and Gold Cross' factual allegations contradict themselves as to a meeting of the minds. .

In Utah, the existence of an implied-in-fact contract "is a question of fact which turns on the objective manifestations of the parties' intent." *Johnson v. Morton Thiokol, Inc.*, 818 P.2d 997, 1001 (Utah 1991). "Evidence of an implied contract must meet the requirements for an offer of a unilateral contract." *Tomlinson v. NCR Corp.*, 2014 UT 55 ¶ 13, 345 P.3d 523.

Gold Cross alleges that Cigna and/or Cigna insureds requested Gold Cross to provide emergency medical services, that Gold Cross expected to be compensated for those services as an out-of-network provider pursuant to rates in accordance with the standards under Utah law, and that Cigna and/or Cigna insureds knew or should have known that Gold Cross expected compensation for the services. Cigna has allegedly breached the implied-in-fact contract by adjudicating out-of-network claims at rates substantially below the usual and customary fees in the area and below the reasonable value Utah law provides for such services.

Cigna has brought a motion to dismiss but characterizes the factual allegations in the Complaint regarding contract formation, breach, and damages in the light most favorable to its own position. This is contrary to the proper legal standard. At this stage of the litigation and because Gold Cross is the non-moving party, the court must view the factual allegations in the Complaint in the light most favorable to Gold Cross. Cigna argues that there was no meeting of the minds because it consistently breached the contract is too factual to resolve on a motion to dismiss. Cigna's allegation that Gold Cross fails to allege that there was any point in time when Cigna agreed to pay the full amount allowed by Utah's statutory framework, is contrary to the allegation in the Complaint stating that Cigna did at times assign an allowed amount to specific HCPCS codes which matched the statutory rate permitted under Utah law. There were several points in time over a span of at least three years where Cigna assigned and allowed amounts for the full amount permitted under Utah law for identical HCPCS codes. The fact that Cigna assigned an allowed amount at a certain time which matched the amount permitted under law is the alleged foundation upon which Gold Cross formed its expectation and understanding that it would be paid at rates permitted by Utah's statutory framework. The Complaint then alleges that this expectation was breached when Cigna failed to consistently assign an allowed amount on identical HCPCS codes at rates which were deemed reasonable under Utha's statutory

framework. Gold Cross has pled that it performed under the implied-in-fact contract by providing medical services to Cigna insureds and that as a result of Cigna's breach of the implied contract, Gold Cross has suffered damages. Gold Cross has pled sufficient allegations at this stage of the litigation to support a claim for breach of an implied-in-fact contract. Accordingly, the court denies Cigna's motion to dismiss the implied-in-fact contract claim.

### b. Covenant of Good Faith and Fair Dealing

Cigna moves to dismiss Gold Cross's breach of the covenant of good faith and fair dealing claim. Gold Cross acknowledges that this claim only survives if it has sufficiently pled a breach of the implied-in-fact contract claim. The court found that Gold Cross sufficiently alleged a breach of the implied contract claim. Under that agreement, Gold Cross alleges that Cigna owed duties of good faith and fair dealing. These alleged duties required Cigna to fairly evaluate the claims submitted by Gold Cross in accordance with Utah's statutory framework and to refrain from actions that would injure Gold Cross' ability to obtain appropriate payment for those claims.

Cigna argues that the purported duties are unintelligible and there are no allegations of breach. Cigna complains that these allegations are vague statements without meaning and do not articulate a breach. However, Cigna fails to appreciate that these duties were alleged to have been breached when Cigna inconsistently assigned different allowed amounts for the exact same HCPCS code and ambulance service. These duties were also allegedly breached when Cigna refused to consider Utah's statutory framework when evaluating claims. As a result, Cigna has assigned different allowed amounts to identical HCPCS codes that are less than what are customary under Utah law. The parties can explore these duties and the alleged factual allegations in discovery. At the motion to dismiss stage, Gold Cross' allegations are sufficiently pled. The court, therefore, denies Cigna's motion to dismiss the claim.

### c. Unjust Enrichment

Gold Cross alleges that it provided emergency services to Cigna insureds, Cigna received the benefit of having its healthcare obligations to its insureds discharged, and Cigna accepted and retained the benefit of the services Gold Cross provided, and it would be unjust and inequitable for Cigna to retain the benefit it received without paying the value of that benefit. Cigna asserts that Gold Cross has not alleged that Cigna received a benefit OR that Cigna knew of or appreciated such services as a benefit to it. Cigna argues that simply conveying a benefit to another is insufficient to require the recipient to make restitution. *Baugh v. Darley*, 184 P.2d 335, 337 (Utah 1947).

Under the appropriate liberal pleading standards, Gold Cross has sufficiently and plausibly alleged unjust enrichment. Gold Cross alleges that it rendered valuable emergency medical services to Cigna insureds. The full scope of the benefit Cigna received with regard to how its obligations to Cigna insureds were discharged depends on the terms and conditions of the underlying relationship between Cigna and its insured. However, the allegations in the Complaint are sufficient to survive the pleading stage. Relatedly, the allegation that Cigna accepted the benefit of these services, resulting in the discharge of Cigna's obligation owed to its insured stemming from Gold Cross' provision of emergency medical services to Cigna insureds, sufficiently pleads a claim under pleading standards, although the full contours of the benefit conferred on Cigna will need to be the subject of discovery. Gold Cross has sufficiently alleged that under these circumstances it would be unjust and inequitable for Cigna to retain the benefit it received without paying the value of that benefit.

Cigna argues that Gold Cross' allegation is insufficient because there is no support to establish that the statutory ambulance rate in Utah is applicable to Cigna and other insurance carriers. But Gold Cross contends that the statutory rates establish the value of the ambulance

transport services and by extension the benefit to Cigna insureds and ultimately Cigna because of its obligation to its insureds. The inequity of this circumstance stems from the fact that Gold Cross is alleging that Cigna has retained a benefit without paying for its actual value. The court finds that at this stage of the litigation, Gold Cross' unjust enrichment claim is sufficient to survive a motion to dismiss.

For the above reasons, the court denies Cigna's motion to dismiss Gold Cross' Complaint.

## Gold Cross' Motion to Dismiss Counterclaims

As an initial matter, Gold Cross moves to dismiss Cigna's Counterclaims, arguing that Cigna cannot claim damages because Gold Cross has only ever invoiced Cigna and its insureds for statutorily permitted amounts. Cigna cannot claim it was damaged by overpayment on claims with allegedly problematic HCPCS codes. Utah law provides a rate for ambulance transport that is charged regardless of which HCPCS code is used. The statutory rate is what Gold Cross is entitled to charge. While Cigna claims that the use of certain HCPCS codes caused Cigna to incorrectly evaluate the claim under the respective insured's policy, this is Cigna's own mistake and it stems from Cigna's failure to account for Utah's statutory framework. Utah's regulatory framework allows ambulance providers to bill at the level of service dispatched, not the level of service rendered. There is no legal theory that allows Cigna to claim damages were caused by Gold Cross' billing practices when Utah's statutory framework controls the cost of the service. Utah's statutory framework controls the base rate at which ambulance transportation costs are billed regardless of what HCPCS code is used to describe those services. The allegedly upcoded service does not result in an increased price. Moreover, there is no allegation that Gold Cross ever billed for an amount above the Utah statutory rate.

In addition, Cigna cannot claim damages for unbundled claims because Utah law prohibits the bundling of services and supplies provided during an ambulance transport with the ambulance transport base rate. Gold Cross was simply following Utah law.  Although Cigna claims that it was damaged when Gold Cross unbundled services and supplies provided during an ambulance transport with the ambulance transport rate, there is no remedy at law upon which Cigna can claim damages because Utah law prohibits bundling. Cigna should be aware of state law in the states in which it does business. Cigna cannot plausibly claim that its internal reimbursement policies trump Utah law.

There is no legal theory under which Cigna's Upcoded Claims or Unbundled Claims provide for damages. There is no allegation that Gold Cross ever invoiced Cigna and its insureds for amounts other than the statutorily permitted amounts. Failure to identify any damages requires the court to summarily dismiss all of Cigna's counterclaims. Cigna's opposition fails to remedy this dispositive preliminary issue that Cigna, as a matter of law, has not been damaged. Because Cigna has not alleged legally plausible damages with respect to its fraudulent misrepresentation, negligent misrepresentation, and unjust enrichment claims, the court dismisses these Counterclaims for failure to state a claim as a matter of law under FRCP 12(b)(6).

## CONCLUSION

Based on the above reasoning, Defendant The Cigna Group's Motion to Dismiss [ECF No. 11] is DENIED and Plaintiff Gold Cross Services, Inc.'s Motion to Dismiss Counterclaims [ECF No. 24] is GRANTED.

DATED this 12th day of December 2025.

BY THE COURT:

_____
DALE A. KIMBALL
UNITED STATES DISTRICT JUDGE